**Steven A. NORI, Plaintiff–Appellant,**

v.

**William J. HENDERSON, Postmaster General, Defendant–Appellee.**

**Docket No. 00–6230.**

United States Court of Appeals, Second Circuit.

June 20, 2001.

Steven A Nori, Brooklyn, NY, pro se.

Varuni Nelson, David L. Goldberg, Assistant United States Attorneys, Brooklyn, NY, for appellee.

---

Present WALKER, Chief Judge, JACOBS, Circuit Judge and LARIMER, Chief District Judge.[1]

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the order of the United States District Court for the Eastern District of New York (Trager, *J.*), it is hereby ORDERED, ADJUDGED AND DECREED that the order of the district court is AFFIRMED.

Plaintiff–Appellant Steven A. Nori, *pro se*, appeals from an order of the United States District Court for the Eastern District of New York (David G. Trager, *District Judge*) granting the defendant's motion for summary judgment, and dismissing Nori's employment discrimination case. *See Nori v. Henderson*, No. 98–CV–5786 (E.D.N.Y. June 27, 2000). Nori commenced this employment discrimination action against William J. Henderson, Postmaster General (the "defendant"), under the Americans with Disabilities Act, 42 U.S.C. §§ 12111–17,[2] for unlawfully terminating his employment as a Postal Police Officer ("PPO") because: (1) he was perceived as being mentally unfit to be a PPO; and (2) he had given the United States Postal Service ("USPS") false information regarding his mental health history.

The district court granted summary judgment on the basis that Nori had failed to make out a prima facie case of discrimination. On appeal, Nori argues that the district court erred in granting summary judgment to the defendant because: (1) the defendant, despite Nori's "excellent" work evaluations, found Nori to be "a threat to himself and to those around him, not to be Accommodated, Unemployable [*sic*]"; (2) the medical personnel that deemed Nori unfit for the position of PPO were "questionable"; (3) it was unlawful to find Nori unfit for the position of PPO without affording him his own "qualified expert medical evaluations which contradict the employer [*sic*]"; and (4) he was not obliged to disclose his previous treatment for mental illness because his 1969 army records were "sealed."

For substantially the reasons set forth by the district court, the judgment of the district court is hereby AFFIRMED.

---

1. The Honorable David G. Larimer, Chief Judge of the United States District Court for the Western District of New York, sitting by designation.

2. Both counsel for the defendant and the district court recognized that the Americans with Disabilities Act is inapplicable to suits against the United States government or any of its agencies or officials. The defendant concedes that he is subject to suit under the Rehabilitation Act, 29 U.S.C. § 794(d), and the district court construed Nori's complaint accordingly. A violation of the Rehabilitation Act is established in the same manner as a violation under Title I of the ADA. *Id.*